K. Randolph Moore, Esq. 106933
Tanya Levinson Moore, Esq. SBN 206683
MOORE LAW FIRM, P.C.
332 N. Second Street
San Jose, CA 95112
Telephone (408) 271-6600
Facsimile (408) 298-6046

*E-filing*

Attorneys for Plaintiff
Michael Holbrook

*ADR*

FILED

2010 JUL 13 P 2: 53

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV 10-03070 HRL

MICHAEL HOLBROOK,

    Plaintiff,

    vs.

LYNN TU dba M & M LIQUORS,
GROVE STREET MANAGEMENT
CORPORATION,

    Defendants.

No.

**Plaintiff's Complaint**

## I.  SUMMARY

1.  This is a civil rights action by plaintiff Michael Holbrook ("Holbrook") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

M & M Liquors
7901 Westwood Dr. #H
Gilroy, CA 95020
(hereinafter "Store")

2.  Holbrook seeks damages, injunctive and declaratory relief, attorney fees and costs, against LYNN TU dba M &M LIQUORS, GROVE STREET

*Holbrook v. M & M Liquors, et al.*

Plaintiff's Complaint

1  MANAGEMENT CORPORATION (hereinafter referred to collectively as

2  Defendants), owners and operators of M & M Liquors ("Store"), pursuant to the

3  Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.) and related

4  California statutes.

## II.    JURISDICTION

6   3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and

7  1343 for ADA claims.

8   4.   Supplemental jurisdiction for claims brought under parallel

9  California law – arising from the same nucleus of operative facts – is predicated

10  on 28 U.S.C. § 1367.

11   5.   Holbrook's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

13   6.   All actions complained of herein take place within the jurisdiction

14  of the United States District Court, Northern District of California, and venue is

15  invoked pursuant to 28 U.S.C. § 1391(b),(c).

## IV.    PARTIES

17   7.   Defendants own, operate, and/or lease the Store, and consist of a

18  person (or persons), firm, and/or corporation.

19   8.   Holbrook is quadriplegic and requires use of a wheelchair when

20  traveling about in public.   Consequently, Holbrook is physically disabled as

21  defined by all applicable California and United States laws and the member of

22  the public whose rights are protected by these laws.

## V.    FACTS

24   9.   The Store is a public accommodation facility/retail store, open to

25  the public, which is intended for nonresidential use and whose operation affects

26  commerce.

*Holbrook v. M & M Liquors, et al.*

Plaintiff's Complaint

10.     Holbrook visited the Store and encountered barriers (both physical and intangible) that interfered with – if not outright denied – his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.   To the extent known by Holbrook, the barriers at the Store included, but are not limited to, the following:

1) A warning sign regarding the penalty for unauthorized use of designated disabled parking spaces is not posted conspicuously at EACH entrance to the off-street parking facilities;

2) Each warning sign does not state: "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES NOT DISPLAYING DISTINGUISHING PLACARDS OR SPECIAL LICENSE PLATES ISSUED FOR PERSONS WITH DISABILITIES WILL BE TOWED AWAY AT OWNER'S EXPENSE.  TOWED VEHICLES MAY BE RECLAIMED AT (Address) OR BY TELEPHONING (Phone Number); Sign is not black on white.

3) The phone number or address where towed vehicles can be reclaimed is not posted in the appropriate section on the sign and is not a permanent part of the sign;

4) The correct number of standard accessible and van-accessible parking stalls is not provided on the site;

5) Parking bumper or curb is not provided to prevent encroachment of cars over the required width of walkways;

6) Ramps encroach into accessible parking spaces or access aisles;

7) Surface of the parking spaces and access aisles exceeds 1:50 gradient (2.0%) in any direction;

8) Parking space is less than 18' long;

9) Access aisle on the passenger side is less than 18' x 5';

*Holbrook v. M & M Liquors, et al.*

Plaintiff's Complaint

10)     Each parking space reserved for persons with disabilities is not
identified by a reflectorized sign permanently posted immediately adjacent
to and visible from each stall or space, consisting of a profile view of the
International Symbol of Accessibility in white on a dark blue background;

11)     Van accessible parking space does not have an additional sign
stating "Van Accessible" mounted below the Symbol of Accessibility;

12)     An additional sign below the symbol of accessibility does not state
"Minimum Fine $250.00";

13)     The surface of each accessible parking pace does not have a surface
identification duplicating either of the following schemes:

    a.  By outlining or painting the stall or space in blue and outlining on
        the ground in the stall or space in white or suitable contrasting color
        a profile view depicting a wheelchair with occupant;

    b.  By outlining a profile view of a wheelchair with occupant in white
        on blue background.  The profile view shall be located so that it is
        visible to a traffic enforcement officer when a vehicle is properly
        parked in the space and shall be 36" high by 36" wide;

14)     The words "NO PARKING" are not painted in white on the ground
within each access aisle;

15)     There is no accessible route provided within the boundary of the site
to an accessible building entrances from:

    a.  Public transportation stops;

    b.  Accessible parking spaces;

    c.  Accessible passenger loading zones;

    d.  Public streets and sidewalks.

16)     Signage containing the International Symbol of Accessibility is not
located at every primary public entrance and at every major exterior

*Holbrook v. M & M Liquors, et al.*

Plaintiff's Complaint

junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;

17) Recessed doormats are not adequately anchored to prevent interference with wheelchair traffic;

18) Handles, pulls latches, locks and other operating devices on accessible doors shall have a shape that is easy to grasp with one hand and require tight grasping, tight pinching or twisting of the wrist to operate;

19) There is no detectable warning surface (truncated domes) provided at every connection of accessible route and driveway;

20) Directional signage to restrooms or a proper sign indicating no disabled restrooms available is not posted;

21) The minimum clear width of the accessible route is less than 36";

22) Aisles with merchandise on one side are not 36" in width or aisles serving both sides are not 44" in width.

These barriers prevented Holbrook from enjoying full and equal access.

11. Holbrook was also deterred from visiting the Store because he knew that the Store goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12. Holbrook also encountered barriers at the Store, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Holbrook is seeking to remove barriers unrelated to his disability.

13. Defendants knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to

*Holbrook v. M & M Liquors, et al.*

Plaintiff's Complaint

1   remove these barriers from the Store (without much difficulty or expense), and

2   make the Store accessible to the physically disabled.    To date, however,

3   Defendants refuse to either remove those barriers or seek an unreasonable

4   hardship exemption to excuse non-compliance.

5       14.    At all relevant times, Defendants have possessed and enjoyed

6   sufficient control and authority to modify the Store to remove impediments to

7   wheelchair access and to comply with the Americans with Disabilities Act

8   Accessibility Guidelines and Title 24 regulations.    Defendants have not

9   removed such impediments and have not modified the Store to conform to

10  accessibility standards. Defendants have intentionally maintained the Store and

11  in its current condition and haves intentionally refrained from altering the Store

12  so that it complies with the accessibility standards.

13      15.    Holbrook further alleges that the (continued) presence of barriers

14  at the store is so obvious as to establish Defendants discriminatory intent.[1]    On

15  information and belief, Holbrook avers that evidence of this discriminatory

16  intent includes Defendants' refusal to adhere to relevant building standards;

17  disregard for the building plans and permits issued for the Store; conscientious

18  decision to the architectural layout (as it currently exists) at the Store; decision

19  not to remove barriers from the Store; and allowance that Defendants' property

20  continues to exist in its non-compliance state.    Holbrook further alleges, on

21  information and belief, that the Store is not in the midst of a remodel, and that

22  the barriers present at the Store are not isolated (or temporary) interruptions in

23  access due to maintenance or repairs.[2]

## VI.    FIRST CLAIM

### Americans with Disabilities Act of 1990

24

25

26  [1] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

27  [2] Id.; 28 C.F.R. § 36.211(b)

28  *Holbrook v. M & M Liquors, et al.*

    Plaintiff's Complaint

1     <u>Denial of "Full and Equal" Enjoyment and Use</u>

2     16.    Holbrook incorporates the allegations contained in paragraphs 1

3 through 15 for this claim.

4     17.    Title III of the ADA holds as a "general rule" that no individual

5 shall be discriminated against on the basis of disability in the full and equal

6 enjoyment (or use) of goods, services, facilities, privileges, and

7 accommodations offered by any person who owns, operates, or leases a place of

8 public accommodation. 42 U.S.C. § 12182(a).

9     18.    Defendants discriminated against Holbrook by denying "full and

10 equal enjoyment" and use of the goods, services, facilities, privileges and

11 accommodations of the Store during each visit and each incident of deterrence.

12     <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

13     19.    The ADA specifically prohibits failing to remove architectural

14 barriers, which are structural in nature, in existing facilities where such removal

15 is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily

16 achievable" is defined as "easily accomplishable and able to be carried out

17 without much difficulty or expense." <u>Id</u>. § 12181(9).

18     20.    When an entity can demonstrate that removal of a barrier is not

19 readily achievable, a failure to make goods, services, facilities, or

20 accommodations available through alternative methods is also specifically

21 prohibited if these methods are readily achievable. <u>Id</u>. § 12182(b)(2)(A)(v).

22     21.    Here, Holbrook alleges that Defendants can easily remove the

23 architectural barriers at Store without much difficulty or expense, and that

24 Defendants violated the ADA by failing to remove those barriers, when it was

25 readily achievable to do so.

26     22.    In the alternative, if it was not "readily achievable" for Defendants

27 to remove the Store's barriers, then Defendants violated the ADA by failing to

28

*Holbrook v. M & M Liquors, et al.*

Plaintiff's Complaint

1   make the required services available through alternative methods, which are

2   readily achievable.

3   Failure to Design and Construct and Accessible Facility

4   23.   On information and belief, the Store was designed and constructed

5   (or both) after January 26, 1992 – independently triggering access requirements

6   under Title III or the ADA.

7   24.   The ADA also prohibits designing and constructing facilities or

8   first occupancy after January 16, 1993, that aren't readily accessible to, and

9   usable by, individuals with disabilities when it was structurally practicable to do

10   so. 42 U.S.C. § 12183(a)(1).

11   25.   Here, Defendants violated the ADA by designing and constructing

12   (or both) the Store in a manner that was not readily accessible to the physically

13   disabled public – including Holbrook – when it was structurally practical to do

14   so.[3]

15   Failure to Make an Altered Facility Accessible

16   26.   On information and belief, the Store was modified after January

17   26, 1992, independently triggering access requirements under the ADA.

18   27.   The ADA also requires that facilities altered in a manner that

19   affects (or could affect) its usability must be made readily accessible to

20   individuals with disabilities to the maximum extent feasible.   42 U.S.C. §

21   12183(a)(2).   Altering an area that contains a facility's primary function also

22   requires adding making the paths of travel, bathrooms, telephones, and drinking

23   fountains serving that area accessible to the maximum extent feasible. Id.

24   28.   Here, Defendants altered the Store in a manner that violated the

25   ADA and was not readily accessible to the physically disabled public –

26   including  Holbrook – to the maximum extent feasible.

27

28

*Holbrook v. M & M Liquors, et al.*

Plaintiff's Complaint

<u>Failure to Modify Existing Policies and Procedures</u>

29.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.   Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.   Holbrook seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.   Holbrook also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.   SECOND CLAIM

### Disabled Persons Act

33.   Holbrook incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations,

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing *Holbrook v. M & M Liquors, et al.*

Plaintiff's Complaint

facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.     Both sections specifically incorporate (by reference) and individual's rights under the ADA.  See Civil Code §§ 54(c) and 54.1(d).

37.     Here, Defendants discriminated against the physically disabled public – including Holbrook – by denying them full and equal access to the Store.    Defendants also violated Holbrook's rights under the ADA, and therefore, infringed upon or violated (or both) Holbrook's rights under the Disabled Persons Act.

38.     For each offense of the Disabled Persons Act, Holbrook seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.     He also seeks to enjoin Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII.  THIRD CLAIM

### Unruh Civil Rights Act

40.     Holbrook incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.     California Civil Code § 51 states, in part, that;  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

this action as a private attorney general under either state of federal statutes.
*Holbrook v. M & M Liquors, et al.*

Plaintiff's Complaint

42.   California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.   Defendants aforementioned acts and omissions denied the physically disabled public – including Holbrook – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Holbrook by violating the Unruh Act.

46.   Holbrook was damaged by Defendants wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47.   Holbrook also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.   Holbrook incorporates the allegations contained in paragraphs 1 through 15 of this claim.

49.   Health and Safety Code § 19955(a) states, in part, that:   California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

*Holbrook v. M & M Liquors, et al.*

Plaintiff's Complaint

50.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.     Holbrook alleges the Store and Gas Station is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

52.     Defendants' non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Holbrook and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X.     PRAYER FOR RELIEF

WHEREFORE, Holbrook prays judgment against Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expense, and costs of suit.[4]

5. Interest at the legal rate from the date of the filing of this action.

Dated: July 12, 2010                          /s/K. Randolph Moore
                                              K. Randolph Moore
                                              Attorney for Plaintiff

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Holbrook v. M & M Liquors, et al.*

Plaintiff's Complaint